Hon. Albert B. Lewis Superintendent of Insurance
This is in reply to your request for my opinion as to whether the power granted to you by Insurance Law, § 36-a to adopt standards relative to public employee pension systems includes by inference the authority to adopt regulations providing for the enforcement of compliance with such standards.
A copy of your proposed regulations was forwarded with your inquiry; however, this opinion does not specifically pass upon any of those regulations.
Public employee retirement systems have from their inception been made subject to the supervision of the Superintendent of Insurance (see,e.g., Education Law, § 523; Retirement and Social Security Law, §§ 15, 315). In some instances, that authority is limited to the extent the provisions of the Insurance Law are not in conflict with the provisions of the statute creating the pension systems (see, e.g.,
Retirement and Social Security Law, §§ 15, 315).
You state that prior to the enactment of Insurance Law, § 36-a, by chapter 382 of the Laws of 1973, the supervision by your Department had been limited to examinations pursuant to Article 3 of the Insurance Law.
Section 36-a, among other things, in paragraph b. of subdivision 2 thereof, authorizes the Superintendent of Insurance to promulgate "standards with respect to actuarial assumptions, accounting practices, administrative efficiency, discharge of fiduciary responsibility, investment policies and soundness". Paragraph c authorizes the Superintendent of Insurance at least once in every five years, to make an examination into the affairs of every system, "including compliance with the standards established pursuant to paragraph (b)".
Since section 36-a authorizes the promulgation of standards as to specific matters, there is no question but that section and Insurance Law, § 21 authorize you to adopt regulations as to those matters. However, section 36-a does not contain specific authorization for the adoption of regulations relating to the enforcement of the standards promulgated pursuant to that statute, nor did the Legislature so provide elsewhere in chapter 382. In view of the provisions of section 36-a, to the effect that it applies "notwithstanding any other provision of Law" vis-a-vis the provisions of the appropriate retirement law that the superintendent's power is limited to the extent not inconsistent with the retirement laws, section 36-a should be construed so as to preserve so far as possible the integrity of both statutes and apply them harmoniously and consistently (McKinney's Statutes, §§ 221, 222; cf. Matter of Newton, 177 Misc. 877 [Surr. Ct. Westchester County, 1941], affd. 267 App. Div. 913, affd. 294 N.Y. 687).
This does not, of course, preclude any other enforcement action authorized by the Insurance Law relative to entities subject to examination and supervision, to the extent such action is not inconsistent with the appropriate retirement system statutes, including enforcement by the Attorney General pursuant to Insurance Law, § 35.
However, it is my opinion that only regulations implementing the standards specifically authorized by section 36-a may be adopted by you and regulations relating to enforcement of the standards are not so authorized.